UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA GONZALEZ MONTOYA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>  Defendant. | Case No. 1:23-cv-00544-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**<br><br>(Doc. 24) |

**I.  INTRODUCTION**

Plaintiff Ana Gonzalez Montoya, proceeding with counsel, commenced this Social Security action on April 5, 2023. (Doc. 1.) On September 27, 2023, pursuant to the parties' stipulation, the court entered an order remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff. (Docs. 17, 18.)

Currently pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA") in the amount of $13,157.05 for 54.2 hours of work. (Doc. 20 at 2.) The Commissioner filed an opposition to the motion on January 17, 2024, asserting that the court should reject the excessive fees and reduce the hours requested. (Doc.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

1

1  23.) Plaintiff filed a reply on January 28, 2024, which included an amended request for attorneys'

2  fees in the amount of $13,887.12 for 57.2 hours of work performed in 2023 and 2024.[2] (Doc. 24

3  at 8.) The motion was referred to the undersigned pursuant to Local Rule 302(c)(15) and 28

4  U.S.C. § 636.

   Having considered the parties' briefs, the record in this case, and the applicable law, the

6  Court will recommend that Plaintiff's motion for EAJA fees be granted in part in the amount of

7  $12,498.32.

8  **II.     DISCUSSION**

9  **A. Plaintiff is Entitled to EAJA Fees**

10  The EAJA provides, in relevant part:

> (A)  Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> (B)  A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> (C)  The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

25  28 U.S.C. § 2412(d)(1)(A)-(C).

---

[2] Using counsel's supplied rate, the amended amount totals $13,887.02 ($242.78 x 57.2), not $13,887.12. (Doc. 20 at 6 (identifying hourly rate of $242.78); Doc. 24-1 at ¶ 3 (identifying hourly rate of 242.78 for 57.2 hours of work); Doc. 24 at 8 (57.2 hours of work).)

Here, the court finds no dispute that Plaintiff is the prevailing party given that the court remanded the matter for further administrative proceedings. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). In light of the stipulated remand, the court further finds that the position of the Commissioner was not substantially justified. *See*, *e.g.*, *Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (concluding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (determining position of the government not substantially justified where the parties stipulated to a remand of the action to the Commissioner for a new hearing). Moreover, in response to the motion, the Commissioner does not argue that the position of the government was substantially justified or that special circumstances exist that make an award unjust. *See Gutierrez*, 274 F.3d at 1258 ("It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award [of EAJA fees] unjust."). Finally, the court finds Plaintiff's application for EAJA fees is timely because it was filed within thirty days of final judgment in this action.[3] *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) ("In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable."); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (holding a sentence four remand becomes a final judgment for purposes of attorneys' fees under the EAJA upon expiration of the time for appeal).

For these reasons, the Court finds that Plaintiff is entitled to an award of fees pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A).

---

[3] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for Plaintiff on September 27, 2023. (Doc. 19.) The judgment became a non-appealable "final judgment" 60 days later on November 27, 2023. *See* Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity).

**B.     The Requested Fee is Reasonable**

An award of attorneys' fees pursuant to the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).  The applicant bears the burden of demonstrating the reasonableness of the request.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).  In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained.  *See Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998).

The court may impose a reduction up to 10 percent—a haircut—"based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (citing *Moreno v. Cty of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).)  Otherwise, the court must make specific findings to justify a reduction of fees.  *Id.*

**1.  Hourly Rates**

The EAJA provides that fee awards should be "based upon prevailing market rates for the kind and quality of the services furnished," and that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website.  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited April 4, 2024). Here, Plaintiff requests a rate of $242.78 for work performed in 2023.  (Doc. 20 at 5.)  The court notes that the published rate for work performed in 2023 is $244.62.  Because no rate is currently posted for work performed in 2024, the applicable rate is that posted for the previous period, i.e., 2023.  *See* 28 U.S.C. § 2412(d)(2)(A); *Thangaraja*, 428 F.3d at 876-77; Ninth Circuit Rule 39-1.6; *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited April 4, 2024). As

the hourly rate requested is within the statutory maximum, and the Commissioner does not oppose the rate, the court finds the rate reasonable. The court will therefore apply Plaintiff's requested rate in calculating the attorneys' fees under EAJA.

### 2. Number of Hours

"A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers" and may reduce the hours requested if the time claimed is excessive, redundant, or otherwise unnecessary. *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001); *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), cert. denied, 493 U.S. 1035, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990).

Plaintiff seeks compensation for a total of 57.2 hours of attorney time spent on this matter, 50.05 hours for reviewing the administrative record and preparing the opening brief, and 7.15 for preparation of the EAJA fee motion (4.15) and reply (3.0). (Docs. 24, 24-1.) The Commissioner contends the number of hours expended was unreasonable. Specifically, the Commissioner argues (1) the amount of time expended was unreasonable in light of the routine issues presented and counsel's experience; (2) counsel largely restated hearing testimony, the ALJ's decision, websites, used string citations, repeated language throughout the brief and the record was only 1,424 pages; and (3) the request is more than twice the recent district average for Social Security cases. In so arguing, the Commissioner posits that the requested fees should be reduced to the average EAJA fee awarded in a Social Security case in the Eastern District of California, in fiscal year 2022, of $5,048.83.2. (Doc. 23 at 3, 7.) The court considers the Commissioner's arguments in turn.

<u>Routine Issues and Counsel's Experience</u>

As indicated, the Commissioner argues that the issues presented in this case were routine, noting Plaintiff challenged the ALJ's assessments of the residual functional capacity and the subjective evidence. (Doc. 23 at 4.) The Commissioner avers that because the issues in the case were routine and straightforward, it is reasonable to believe counsel could handle them more expeditiously than the 38.4 hours spent writing the brief's arguments. (*Id.*)

The court finds this argument unpersuasive. Courts may not apply de facto caps limiting

5

1    the number of hours attorneys can reasonably expend on "routine" social security cases. *See*
2    *Costa*, 690 F.3d at 1133-37 ("we question the usefulness of reviewing the amount of time spent in
3    other cases to decide how much time an attorney could reasonably spend on the particular case
4    before the court"). Instead, "courts should generally defer to the 'winning lawyer's professional
5    judgment as to how much time he was required to spend on the case.'" *Id.* at 1136 (quoting
6    *Moreno*, 534 F.3d at 1112); *see also Hernandez v. Kijakazi*, No. 1:19-cv-01621-HBK, 2022 WL
7    9452249, at *3 (E.D. Cal. Oct. 14, 2022).

8        The Commissioner further argues that 54.2 hours spent on the opening brief is excessive
9    in light of counsel's extensive experience in litigating social security cases. (Doc. 23 at 4.)
10   However, "counsel's expertise, standing alone, does not render the hours expended unreasonable
11   because social security cases are fact-intensive and require a careful application of the law."
12   *Hernandez*, 2022 WL 9452249, at *3 (citing *Costa*, 590 F.3d at 1134 n.1). The fact that
13   Plaintiff's counsel are "experienced in social security law is not a basis to reduce [their] requested
14   hours." *Mitford v. Kijakazi*, No. 20-cv-05360-TSH, 2021 WL 6052006, at *4 (N.D. Cal. Dec. 21,
15   2021) (collecting cases holding same); *Rosemarie V. v. Kijakazi,* No. 21-CV-02192-AGT, 2023
16   WL 8285805, at *2 (N.D. Cal. Nov. 30, 2023).

17       The Commissioner notes that the firm representing Plaintiff at the district court level is the
18   same firm that represented Plaintiff at the hearing level. The Commissioner therefore asserts that
19   counsel's firm should have already been familiar with the issues in this case and should not have
20   required the extraordinary time claimed here. (Doc. 23 at 4-5.) This argument is unconvincing.
21   As Plaintiff points out, Plaintiff's counsel at the district court level, Ms. Trompeter, did not
22   represent Plaintiff at the hearing level and thus the case was unfamiliar to her upon filing in
23   district court. (Doc. 24 at 2; *see also* AR 15, 37.)

24       <u>Briefing and Administrative Record</u>

25       The Commissioner contends that the fees should be reduced because "Plaintiff dedicated
26   approximately 18 pages to restating – largely in quotations – the hearing testimony, the ALJ's
27   decision, websites, and string citations of cases from other districts," and counsel "repeated
28   language throughout her brief, noting that she previously said the same things '*supra*.'" (Doc. 23

6

1    at 5.) The court finds this argument unpersuasive. Although faulting counsel for preparing a
2    redundant brief, the Commissioner fails to identify any specific redundancy or other
3    impermissible defect or issue in the itemized billing statement presented by counsel.
4           The Commissioner also challenges the fees by asserting that the record of 1,424 pages was
5    "only 40 pages more than the average case." (Doc. 23 at 5.) However, the Commissioner cites to
6    no legal authority suggesting that the size of the administrative record dictates the number of
7    hours reasonably expended in this case. *See Hernandez*, 2022 WL 9452249, at *3 (rejecting
8    argument for fee reduction where defendant cited to no legal authority that a 1235-page
9    administrative record qualified as "relatively standard" such that an "experienced" social security
10   attorney would be explicitly limited in the number of hours necessary to present her argument).
11         District Average
12          Finally, the Commissioner argues that Plaintiff's fee request is more than twice the recent
13   district average for Social Security cases, indicating that in the Eastern District of California, in
14   fiscal year 2022, the average EAJA fee awarded in a Social Security case was $5,048.83. (Doc.
15   23 at 3.) The court also does not find this argument persuasive. The Commissioner provides no
16   information indicating that the district average is based only on cases, such as the one here, where
17   the parties stipulated to remand after Plaintiff filed her opening brief. In other words, there is no
18   explanation of the procedural posture of those cases.
19          Nonetheless, the court finds that the number of hours claimed in this case is high.
20   Generally, courts have not awarded fees approaching 60 hours where the parties stipulated to
21   voluntary remand after plaintiff moved for summary judgment, as is the case here. *See*, *e.g.*,
22   *Fissel v. Kijakazi*, No. 1:21-cv-01030-BAM, 2023 WL 1972172, at *3 (E.D. Cal. Feb. 13, 2023)
23   (awarding EAJA fees for 35.90 hours of attorney time where the parties stipulated to voluntary
24   remand after plaintiff moved for summary judgment); *James F. v. Kijakazi*, No. 21-CV-08392-
25   JSC, 2023 WL 1975265, at *2 (N.D. Cal. Feb. 13, 2023) (awarding EAJA fees for 47.24 hours
26   spent by plaintiff's counsel preparing the briefing which led the government to agree to a
27   voluntary remand; administrative record totaled over 1700 pages and brief raised three
28   substantive legal issues); *Guzman v. Comm'r of Soc. Sec.*, No. 2:20-CV-0468-KJN, 2021 WL

2534462, at *1 (E.D. Cal. June 21, 2021) (awarding EAJA fees for 38 hours spent in prosecution of action and 2.75 hours on opposed EAJA application where the parties stipulated to voluntary remand after plaintiff moved for summary judgment); *Dean v. Astrue*, No. CIV S-07-0529 DAD, 2009 WL 800174, *2 (E.D. Cal. Mar. 25, 2009) (approving 41 hours, noting it was at the upper end, where remand after filing a motion for summary judgment on client's behalf); *cf. Sanchez v. Saul*, No. 2:18-cv-66-EFB, 2020 WL 5658320, at *3 (E.D. Cal. Sept. 23, 2020) (awarding fees for 55.03 hours of work expended where parties stipulated to remand after plaintiff's motion for summary judgment). Given that the parties filed a stipulation for remand and Plaintiff did not have to review and respond to a cross-motion, and the hours requested are high, the court exercises its discretion to impose a 10% reduction. *See Mitford*, 2021 WL 6052006, at *5 (imposing 10% reduction where hours claimed were on the high end in a case in which the parties stipulated to remand after plaintiff filed her motion for summary judgment, without the need for counsel to review and respond to a cross-motion).

### 3. Results Obtained

With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings.

### D.     Plaintiff is the Proper Payee Under the EAJA

Plaintiff's counsel has submitted a copy of a fee assignment executed pursuant to a fee agreement. (Doc. 20-2.) However, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision in *Ratliff*, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. *See Blackwell v. Astrue*, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010). Here, the court concludes that the EAJA fee award shall be made payable to Plaintiff. However, if Plaintiff does not owe a

government debt, then the order should not be construed to preclude the payment directly to Plaintiff's counsel pursuant to Plaintiff's assignment.

### III. CONCLUSION AND RECOMMENDATION

Based on the 10% reduction discussed above, the court finds an EAJA award of $12,498.32 appropriate. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (Doc. 20) be granted;

2. Plaintiff be awarded fees in the total amount of $12,498.32 pursuant to the EAJA; and

3. If the government determines that Plaintiff does not owe a federal debt that qualifies for offset, then the fee award be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of her interest in the fee award.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 8, 2024**          /s/ Barbara A. McAuliffe          
                                             UNITED STATES MAGISTRATE JUDGE