| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA GONZALEZ MONTOYA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. 1:23-cv-0544 JLT BAM<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT<br><br>(Docs. 20, 25) |

Ana Gonzalez Montoya sought judicial review of the administrative decision denying her application for benefits. After the parties stipulated to a voluntary remand, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment in favor of Plaintiff. (Docs. 18, 19.) Plaintiff now seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 20.)

The magistrate judge observed that under the EAJA, the prevailing party may obtain fees where the positions of the Commissioner and the Government were not substantially justified. (*See* Doc. 25 at 2-3.) Due to the voluntary remand, the magistrate judge found it was undisputed that Plaintiff was the prevailing party in the action and the position of the Commissioner was not

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Martin O'Malley as the defendant in this action.

1

1   substantially justified.  (*Id.* at 3.)  In addition, the magistrate judge noted "the Commissioner does
2   not argue that the position of the government was substantially justified or that special
3   circumstances exist that make an award unjust." (*Id.*)  Thus, the magistrate judge found "Plaintiff
4   is entitled to an award of fees pursuant to the EAJA." (*Id.*)

5   Evaluating the reasonableness of the fees requested, the magistrate judge found counsel's
6   hourly rates were reasonable.  (Doc. 25 at 4.)  The magistrate judge observed the 57.2 hours of
7   attorney time on the action was high, though the results obtained favored an award.  (*Id.* at 7-8.)
8   Therefore, the magistrate judge recommended the Court exercise its discretion to impose a 10%
9   reduction to the fees requested.  (*Id.*, citing *Mitford v. Kijakazi*, 2021 WL 6052006, at *4 (N.D.
10  Cal. Dec. 21, 2021); *see also id.* at 4, citing *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132,
11  1136 (9th Cir. 2012) [indicating the Court may take a 10% reduction of fees "based purely on the
12  exercise of its discretion and without more specific explanation"].)  Finally, the magistrate judge
13  recommended fees be payable to counsel, pursuant to Plaintiff's assignment, if she does not owe a
14  government debt that qualifies for an offset.  (*Id.* at 8-9.)

15  The Court served the Findings and Recommendations on the parties and notified them that
16  any objections were due within 14 days.  (Doc. 25 at .9) The Court advised the parties that the
17  failure to file objections within the specified time may result in the waiver of rights on appeal.
18  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Neither Plaintiff nor the
19  Commissioner filed objections, and the time to do so has passed.

20  According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
21  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations
22  are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

23  1.   The Findings and Recommendations issued on April 9, 2024 (Doc. 25) are
24       **ADOPTED** in full.
25  2.   Plaintiff's motion fees pursuant to the Equal Access to Justice Act (Doc. 20) is
26       **GRANTED** in part.
27  3.   Plaintiff is **AWARDED** fees in the modified amount of $**12,498.32**.
28  4.   If the government determines that Plaintiff does not owe a federal debt that

qualifies for offset, then the fee award shall be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of her interest in the fee award.

IT IS SO ORDERED.

Dated:   **April 29, 2024**

UNITED STATES DISTRICT JUDGE